UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RAYMOND T. THROWER,** | CASE NO. 5:03CV775 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | **OPINION AND ORDER** |
| **BETTY MONTGOMERY, et al.,** | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion for Judgment on the Pleadings of The Honorable Judge Williams (ECF DKT #19). For the reasons that follow, the motion is granted as unopposed and well-taken.

**I. FACTUAL BACKGROUND**

This Complaint was originally filed before District Judge Marbley of the U.S. District Court for the Southern District of Ohio on September 23, 2002. It was transferred to the U.S.

District Court for the Northern District of Ohio on March 28, 2003.  An appeal to the Sixth Circuit Court of Appeals was instituted on or about May 1, 2003.  There was a remand; and subsequently, a reassignment to this Court's docket on January 10, 2005.

An action was brought against Raymond T. Thrower in Summit County Common Pleas Court, seeking to determine Thrower to be a "vexatious litigator" pursuant to Ohio Revised Code Section 2323.52.  The instant federal lawsuit intends to direct the Common Pleas Court Judge to find in Thrower's favor.  On page 11 of his Complaint, Thrower prays for the following relief:

> 2. Order the Defendant Judge Williams to apply the law as written and to remind him that he is an officer of the court and that 'everyone is bound to know the law.'
> 4. Grant compensation, punitive damages in the amount of $1,000,000 to be assessed against each defendant to be broken down in future filings.
> 5. Grant any other relief it may appear that the plaintiff is entitled. (sic)

Defendant, The Honorable Judge Williams, has moved for dismissal of the Complaint against him, arguing that Plaintiff can prove no set of facts entitling him to recover. No opposition brief has been submitted.

## II. LAW AND ANALYSIS

**Standard of Review**

A review of a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as that under Fed. R. Civ. P. 12(b)(6), which authorizes the court to dismiss a complaint for failure to state a claim upon which relief may be granted.  In considering a Fed. R. Civ. P. 12(c) motion, the court must accept all the allegations in the complaint as true.  *Zeigler v. IBP Hog Mkt., Inc.*, 249 F. 3d 509, 512 (6th Cir. 2001).  The motion should be granted if it appears

beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.  *Id.*

**No case or controversy**

By the authority of Article III, Section 2, clause 1 of the United States Constitution, the jurisdiction of the federal court system is confined to "cases and controversies" between parties.  In other words, "a declaration on rights as they stand must be sought, not on rights which may arise in the future, and there must be an actual controversy over an issue, not a desire for an abstract declaration of the law."  *In re Summers*, 325 U.S. 561, 566-567 (1945).  Plaintiff Thrower's request that this Court order Judge Williams to "apply the law as written" seeks an advisory opinion; is not a declaration of present rights; and is not a legitimate "case or controversy."

**Doctrine of Judicial Immunity**

State court judges are absolutely immune from liability, unless their actions "are not taken in the judge's judicial capacity"; or, if judicial in nature, are "taken in the complete absence of jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356-360 (1978).  Furthermore, "whether an act by a judge is a judicial one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."  *Id.* at 362.   In the instant matter, Plaintiff Thrower alleges no facts that fall within the enumerated exceptions, and Judge Williams' purported actions lie within his official capacity as judge on the Summit County Court of Common Pleas.

## III. CONCLUSION

Even taking all of Plaintiff's allegations as true, the Complaint fails to state a real "case or controversy"; the doctrine of judicial immunity is a complete bar; and Plaintiff Raymond T. Thrower can prove no set of facts entitling him to recover against Defendant Judge Williams. Therefore, pursuant to Fed. R. Civ. P. 12(c), the Complaint against Judge Williams is dismissed.

IT IS SO ORDERED.

 s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge
(Signed original on file)

DATE: April 12, 2006