UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RAYMOND T. THROWER,** | CASE NO. 5:03CV775 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | |
| **BETTY MONTGOMERY, et al.,** | **OPINION AND ORDER** |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #41) of Defendants, Max Rothal, Michael Defibaugh and John York, for Summary Judgment. For the reasons that follow, the motion is granted.

**I. FACTUAL BACKGROUND**

Plaintiff brought this 42 U.S.C. § 1983 action against Defendants, Max Rothal, Michael Defibaugh and John York, who were respectively, Law Director and Attorneys for the City of Akron, at times relevant to the within Complaint. This action arose after Rothal, as Law Director for the City of Akron, filed a Vexatious Litigator Complaint, pursuant to R.C. § 2323.52, against Plaintiff in Summit County Common Pleas Court. Plaintiff's § 1983

Complaint alleges violation of his First, Fifth, Sixth, and Fourteenth Amendment rights, citing, among other things, denial of "access to the courts."

Plaintiff Thrower owns several pieces of property in Akron, Ohio. Plaintiff's property had been issued several housing code violations with which he had not complied. Plaintiff Thrower initiated approximately six *pro se* civil actions against the City of Akron in response to the issued citations. In all but one of these actions, judgment was rendered against Plaintiff Thrower.

In response to Plaintiff's habitual and persistent actions, on or about May 20, 2002, Defendant Rothal filed the Vexatious Litigator Complaint against Plaintiff Thrower in the Summit County Common Pleas Court. On or about September 23, 2002, with the Vexatious Litigator litigation still pending in state court, Plaintiff filed this action in the United Sates District Court for the Southern District of Ohio. Defendants were granted a change of venue, and this matter was transferred to the Northern District of Ohio.

On or about October 31, 2003, the Summit County Common Pleas Court found Plaintiff had raised identical arguments in each of his six *pro se* civil actions filed against the City of Akron, despite the Court's previous rulings, declaring his arguments lacked merit, were dilatory, and frivolous. Therefore, Summit County Common Pleas Judge Williams found Plaintiff Thrower to be a vexatious litigator, as a matter of law, pursuant to R. C. § 2323.52.

## II. LAW AND ANALYSIS

### Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A fact is not material unless it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986). An opponent of a motion for summary judgment may not rely on the mere allegations of the complaint, but must set forth specific facts showing a genuine issue for trial. *Id.* When no reasonable jury could return a verdict for the non-moving party, no genuine issue exists for trial. *Id.* However, in evaluating a motion for summary judgment , the court must draw all inferences from the facts in the light most favorable to the non-moving party. *Gen. Elec. Co. v. G. Siempelkamp GmbH & Co.*, 29 F. 3d 1095, 1097-98 (6th Cir. 1994).

**R.C. § 2323.52**

R.C. § 2323.52(A)(2) defines "vexatious conduct" as: 1) conduct merely to harass or maliciously injure another party to a civil action or; 2) conduct not warranted under any existing law and which cannot be supported by a good faith argument for an extension, modification, or reversal of existing law or; 3) conduct imposed solely for delay. Moreover, a "vexatious litigator" means any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in civil actions. R.C. § 2323.52(A)(3).

Plaintiff Thrower alleges in his Complaint, that by filing this Vexatious Litigator Complaint against him, Defendants have denied him due process of law, as well as First, Fifth, Sixth, and Fourteenth Amendment rights by denying him access to the courts. In addition, Plaintiff contends he cannot be considered a vexatious litigator because he never

initiated a lawsuit against the City of Akron; rather each suit was in response to a citation issued by the City. However, Plaintiff did initiate each lawsuit. Plaintiff was issued citations by the City, which did not require Plaintiff to bring a lawsuit against the City in response. Accordingly, the Court finds this argument by Plaintiff to be without merit.

As for Plaintiff's contention of being denied access to the courts, R.C. § 2323.52(D)(2) provides any person who is found to be a vexatious litigator may not institute nor continue *pro se* legal proceedings in a court of common pleas, municipal court, or county court without first obtaining leave of the court of common pleas to proceed. With this section in mind, the Supreme Court of Ohio has stated, "the statute is not designed, nor does it operate, to preclude vexatious litigators from proceeding forward on legitimate claims. Instead, it establishes a screening mechanism under which the vexatious litigator can petition the declaring court, on a case-by-case basis, for a determination of whether a proposed action is abusive or groundless." *Mayer v. Bristow*, 91 Ohio St. 3d 2, 14 (2000). Furthermore, the *Mayer* court continued: "R.C. 2323.52 ensures one a right of access to the courts by asking a certain court permission to proceed in another court." *Id.* Any person found to be a vexatious litigator must simply request leave of the court to file suit, or file suit through counsel. Thus, vexatious litigators are not denied access to the courts.

Further, the Ohio Supreme Court has upheld the constitutionality of the statute as it prevents abuse of the system by persons who habitually file lawsuits without reasonable grounds and/or engage in frivolous conduct in the courts of Ohio. The Court concluded, "R.C. § 2323.52 is not arbitrary or unreasonable, nor does it deny vexatious litigators their constitutional right of access to the courts." *Mayer, supra* at 16.

The R.C. § 2323.52 claim against Plaintiff Thrower was valid and did not deny due process nor violate constitutional rights because the statute has been upheld by the Ohio Supreme Court as constitutional; Plaintiff Thrower was found to be a vexatious litigator; and Plaintiff Thrower was not denied his right to access the courts.

**42 U.S.C. § 1983**

Section 1983 of the United States Code provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." *Richardson v. South Euclid*, 904 F. 2d 1050, 1051 (6th Cir. 1990). To succeed on a § 1983 claim, the plaintiff must establish the following two elements: 1) he was deprived of a right secured by the Constitution or laws of the United States and 2) he was subjected to, or caused to be subjected to, this deprivation by a person acting under color of law. *White v. Robertson-Deming*, 9 Fed. Appx. 418 (6th Cir. 2001).

Plaintiff Thrower alleges Defendants, by filing a vexatious litigator complaint against him, have not only deprived him of access to the courts, but also have failed to apply the law equally to all citizens. According to Plaintiff, this failure of Defendants to apply the law equally to all citizens violated the Equal Protection Clause of the Fourteenth Amendment. This alleged violation is the basis of Plaintiff's 42 U.S.C. § 1983 claim. Furthermore, Plaintiff Thrower seeks to satisfy the second element of a § 1983 claim because the vexatious litigator complaint was issued by the City of Akron Law Director, who is clearly a person

acting under color of law.

### Deprivation of Constitutional Right

As previously mentioned, R.C. § 2323.52 has been found by the Ohio Supreme Court to be constitutional as it "ensures one a right of access to the courts by asking a certain court permission to proceed in another court." *Mayer, supra*. Accordingly, Plaintiff has not been deprived of his right to access the courts. Plaintiff's contention that this law has not been applied equally to all citizens likewise fails. Plaintiff cannot rest on the allegations in his Complaint. "In order to make out an equal protection claim . . . , a plaintiff must demonstrate that someone similarly situated but for the illegitimate classification used by the government actor was treated differently. *See Stemler v. City of Florence*, 126 F. 3d 856, 873 (6th Cir. 1997)." *Boone v. Spurgess*, 385 F. 3d 923, 932 (6th Cir. 2004). In opposition to Defendants' Motion for Summary Judgment, Plaintiff Thrower provides no evidence identifying someone similarly situated who was treated differently by the enforcement of R.C. § 2323.52.

### Person Acting Under Color of Law

Defendants, Rothal, Defibaugh, and York, each held positions as attorneys for the City of Akron; and acted pursuant to R.C. § 2323.52(B), authorizing a "prosecuting attorney, city director of law, or similar legal officer of a municipal corporation" to commence a civil action against a person engaged in vexatious conduct. While Defendants were, in fact, acting under color of law, they were specifically permitted by the statute to bring such a claim against Plaintiff.

## Qualified Immunity

Government officials, performing discretionary functions, are generally shielded from

liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  In determining qualified immunity, the Sixth Circuit utilizes a tripartite standard of review.  *Williams v. Mehra*, 186 F. 3d 685, 691 (6th Cir. 1999) (*en banc*); *accord Shamaeizadeh v. Cunigan*, 338 F. 3d 535, 545-46 (6th Cir. 2003), *cert. denied*, 541 U.S. 1041 (2004); *Toms v. Taft*, 338 F. 3d 519, 524 (6th Cir. 2003).  The court first asks, whether the plaintiff has shown a violation of a constitutionally protected right; second, whether that right was clearly established at the time such that a reasonable official would have understood that his behavior violated that right; and third, whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established rights.  *Sample v. Bailey*, 409 F. 3d 689, 696-97 (6th Cir. 2005).

      Here, Defendants were performing discretionary functions.  Furthermore, there was no clearly established right being violated because the statute in question has been upheld as constitutional.  In a § 1983 action, Defendants carry the burden of showing that the challenged act was objectively reasonable in light of the law existing at the time.  *Tucker v. City of Richmond, Ky.*, 388 F. 3d 216, 220 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 2306 (2005).  These Defendants actions were reasonable because the statute had been upheld as constitutional; and Defendants were specifically authorized to bring such a claim under R.C. § 2323.52(B).  There was sufficient reason to believe Plaintiff Thrower was in violation of the statute, by virtue of his six *pro se* lawsuits; and the actions taken by Defendants were not objectively unreasonable to any such official under the circumstances.

In granting qualified immunity, a court should ask whether the state of law at the time of the alleged violation gave the officials fair warning their conduct was unconstitutional. *Hope v. Pelzer*, 536 U.S. 730, 739-40 (2002).  Defendants are entitled to qualified immunity because they were performing discretionary functions, in pursuit of a constitutionally valid statute (determined to be so in 2000) which Plaintiff Thrower violated.

### III. CONCLUSION

R.C. § 2323.52 is a constitutionally valid statute which Plaintiff violated by persistently bringing lawsuits against the City of Akron. Defendants are granted qualified immunity in this matter as they were performing discretionary functions; acting pursuant to the authorization in the statute; and were not violating any clearly established rights. Construing the evidence in a light most favorable to the non-movant, Raymond T. Thrower, and finding there are no genuine issues of material fact, Defendants, Max Rothal, Michael Defibaugh, and John York, are entitled to judgment as a matter of law; and their Motion for Summary Judgment is therefore granted.

**IT IS SO ORDERED.**

**DATE: December 13, 2006**

 **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**